1  Allison V. Saunders, SBN 220010
   asaunders@fordharrison.com
2  Jennifer S. McGeorge, SBN 221679
   jmcgeorge@fordharrison.com
3  Julie A. Bachert, SBN 328572
   jbachert@fordharrison.com
4  FORD & HARRISON LLP
   350 South Grand Avenue, Suite 2300
5  Los Angeles, CA 90071
   Telephone: (213) 237-2400
6  Facsimile: (213) 237-2401

7  Attorneys for Defendant,
   YUSEN LOGISTICS (AMERICAS) INC.
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  JESUS MANUAL HOLGUIN, | Case No. 2:22-cv-9204 |
| 13                Plaintiff, | **NOTICE OF REMOVAL OF ACTION BY DEFENDANT YUSEN LOGISTICS (AMERICAS) INC.** |
| 14       v. | |
| 15  YUSEN LOGISTICS (AMERICAS) INC., and DOES 1-100, inclusive, | |
| 16 | |
| 17                Defendants. | Complaint filed:  June 28, 2022<br>Date of Removal: December 19, 2022 |
| 18 | |

19 **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**
20 **CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF JESUS**
21 **MANUAL HOLGUIN:**
22      PLEASE TAKE NOTICE that Defendant Yusen Logistics (Americas) Inc.
23 ("Yusen") hereby removes the above-entitled action from the Superior Court of the
24 State of California, County of Los Angeles, to the United States District Court for
25 the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.
26 Removal is based upon the following grounds:
27 ///
28 ///

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

1     NOTICE OF REMOVAL OF ACTION BY
DEFENDANT YUSEN LOGISTICS (AMERICAS) INC.

## I. PROCEDURAL HISTORY.

1. On June 28, 2022, Plaintiff Jesus Manual Holguin ("Plaintiff") filed this action against Yusen in the Superior Court of California, for the County of Los Angeles, entitled "*Jesus Manual Holguin v. Yusen Logistics (America) Inc., Alex Salguero, Anna Collica, Karen Bleier, and Does 1-100*," Case No. 22STCV21093 (the "State Court Action"). (Bachert Decl. ¶ 2; Ex. A.)

2. On or around September 16, 2022, Plaintiff filed the operative First Amended Complaint ("FAC"). (Bachert Decl. ¶ 3; Ex. B.)

3. On November 30, 2022, the State Court held a hearing on a demurrer brought by Yusen and the individual defendants Alex Salguero, Anna Collica, and Karen Bleier (the "Individual Defendants"). (Bachert Decl. ¶ 4; Ex. C.) At this hearing, the State Court dismissed all causes of action against the Individual Defendants. (*Ibid.*) The State Court also directed counsel to submit a Judgment of Dismissal for the Individual Defendants. (*Ibid.*)

4. Because the Individual Defendants were the only defendants who were citizens of the State of California, the State Court Action first became removable on November 30, 2022, when the Individual Defendants were effectively dismissed from the State Court Action. (Bachert Decl. ¶ 5.)

5. On December 12, 2022, Yusen filed its Answer to the State Court Action. (Bachert Decl. ¶ 6; Ex. D.)

6. On December 13, 2022, counsel for the Individual Defendants submitted a [Proposed] Judgment regarding dismissal of the Individual Defendants, with prejudice, pursuant to Code of Civil Procedure Section 581(f)(1). (Bachert Decl. ¶ 7; Ex. E.)

7. Pursuant to 28 U.S.C. § 1446(a), the entire file or record in the State Court Action, including all process and pleadings, and orders served upon Yusen in this action, is filed concurrently herewith. (Bachert Decl. ¶¶ 2-9, Exs. A-F.)

///

Ford & Harrison LLP
Attorneys At Law
Los Angeles

2

NOTICE OF REMOVAL OF ACTION BY DEFENDANT YUSEN LOGISTICS (AMERICAS) INC.

8. A Notice of Removal will be filed contemporaneously with the Clerk of the Superior Court of the State of California for the County of Los Angeles, and will be served contemporaneously on all counsel of record, as required by 28 U.S.C. § 1446(d). (Bachert Decl. ¶ 10.)

## II. NATURE OF THE SUIT.

9. The FAC alleges the following causes of action: (1) Discrimination on the Basis of Age in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Retaliation in Violation of California Labor Code Section 1102.5; (3) Retaliation in Violation of California Labor Code Section 6310; (4) Wrongful Termination in Violation of Public Policy; (5) Breach of Implied-in-Fact Contract Not to Terminate; and (6) Intentional Infliction of Emotional Distress. (*See* Bachert Decl. ¶ 3, Ex. B.)

## III. GROUNDS FOR REMOVAL ON THE BASIS OF DIVERSITY JURISDICTION.

10. A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States …" 28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants …" 28 U.S.C. § 1441(a).

11. Therefore, a state court action may be removed if: (1) the action is between, on the one hand, a citizen of one state, and, on the other hand, a citizen of a different state; and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Each of these requirements is met, as discussed in further detail below.

### A. Complete Diversity of Citizenship.

12. <u>Citizenship of Plaintiff</u>. Plaintiff is a California resident. (*See* Bachert Decl. ¶ 3, Ex. B, 2:12-13.) "The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." *Dist. of Columbia v.*

Ford & Harrison LLP
Attorneys At Law
Los Angeles

3

NOTICE OF REMOVAL OF ACTION BY DEFENDANT YUSEN LOGISTICS (AMERICAS) INC.

*Murphy*, 314 U.S. 441, 455 (1941). In the instant case, no facts have been adduced to rebut the presumption that Plaintiff is domiciled in California. Therefore, Plaintiff is a citizen of the State of California for diversity purposes.

13. <u>Citizenship of Defendants</u>. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …" 28 U.S.C. § 1332(c)(1). Yusen is a corporation organized under the laws of the State of New York with its headquarters and principal place of business located in the State of New Jersey. Accordingly, Yusen is considered a citizen of the States of New York and New Jersey. 28 U.S.C. § 1332(c)(1).

14. The citizenship of the supposed defendants named as "DOES 1 through 100" is disregarded for diversity purposes. 28 U.S.C. § 1441(b)(1).

15. Because Plaintiff is a citizen of California, and Yusen is a citizen of New York and New Jersey, complete diversity exists.

16. <u>No exception to removal exists.</u> Pursuant to 28 U.S.C. 1441(b)(2), a case cannot be removed to federal court on the basis of diversity of citizenship if any defendant served in the action is a citizen of the state in which the state court action is pending. Here, the State Court Action is pending in California, and as previously discussed, Yusen is not a citizen of the State of California for purposes of determining diversity. Therefore, this matter is removable.

**B.     Amount in Controversy Exceeds $75,000.**

17. A notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-554 (2014). Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. *Id*. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild*

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

4

NOTICE OF REMOVAL OF ACTION BY DEFENDANT YUSEN LOGISTICS (AMERICAS) INC.

*Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations omitted).

18. While Yusen denies any liability to Plaintiff whatsoever, it asserts herein, based on the allegations in the FAC and Plaintiff's prayer for relief, that the amount in controversy exceeds $75,000. Yusen's assertions are limited to its preliminary understanding of Plaintiff's claims and data currently available.

19. **Economic Damages**. By this lawsuit, Plaintiff seeks, among other things, general damages, special damages (including lost income, lost benefits, and other out-of-pocket expenses), exemplary damages, pre-judgment and post-judgment interest, attorneys' fees and costs, injunctive relief, and such other relief as the Court deems proper. (*See* Bachert Decl. ¶ 3, Ex. B, 8:1-27, 9:1-2, 15:4-12.)

20. Plaintiff was employed with Yusen as a Warehouse Supervisor. (*Id.*, ¶ 3, Ex. B, 5:12-13.) Plaintiff alleges he was terminated on or around January 22, 2021. (*Id.*, ¶ 3, Ex. B, 6:27-28, 7:1-2.) Based on his pay records, Plaintiff had a gross pay in the amount of approximately $1,591.66 bi-weekly.

21. In establishing that the amount in controversy likely exceeds the jurisdictional minimum, a defendant is permitted to calculate the likely back pay award from the date of the termination until the date of likely judgment. *See Adkins v. J.B. Hunt Transport, Inc.*, 293 F. Supp. 3d 1140, 1144 (E.D. Cal. 2018).

22. The median time from the filing of a complaint until trial in the Central District of California is 23.5 months. *See* United States Courts Statistics, Federal Court Management Statistics – Profiles for U.S. District Courts – Combined Civil and Criminal, Central District of California, https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf (last updated June 30, 2022).

23. With a removal date of December 19, 2022, the estimated trial date for this action based on the aforementioned statistics would be at least December 4, 2024 – nearly 3 years following Plaintiff's alleged termination, or approximately

Ford & Harrison LLP
Attorneys At Law
Los Angeles

5

NOTICE OF REMOVAL OF ACTION BY DEFENDANT YUSEN LOGISTICS (AMERICAS) INC.

1  202 weeks. Accordingly, through the date of likely judgment, Plaintiff's claim for
2  lost wages, *alone*, totals **$160,757.66** ($1,591.66 bi-weekly x 101 bi-weekly
3  workweeks).

4        24.    Based on the foregoing, Plaintiff's alleged economic damages
5  total **$160,757.66**, alone.

6        25.    **Non-economic Damages**. Plaintiff alleges that, as a result of the
7  acts and conduct of Yusen, "[he] has suffered and will suffer psychological and
8  emotional distress, humiliation, and mental and physical pain and anguish..." (*See*
9  Bachert Decl. ¶ 3, Ex. B, 8:6-8.)

10        26.    "To establish the amount of emotional distress in controversy, a
11  defendant may introduce evidence of jury verdicts in other cases." *Cain v. Hartford*
12  *Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Jury verdicts in
13  wrongful termination and discrimination cases make clear that emotional distress
14  awards are often substantial and frequently awarded in an amount at least twice the
15  underlying economic damages, or, at the very least, in the same amount as economic
16  damages. *See Izaguirre v. International Coffee & Tea LLC*, 2013 WL 6624243,
17  Superior Court, Los Angeles County (Sept. 26, 2013); *Viveros v. Donahoe*, 2012 WL
18  7854374, United States District Court, Central District of California (Nov. 30, 2012);
19  *Cho v. B & B Pharmacy and Healthcare Center*, 2011 WL 8227178, Superior Court,
20  Los Angeles County (July 13, 2011); *Husein v. Selma Unified School District*, 2010
21  WL 8672016, Superior Court, Fresno County (Oct. 26, 2010).

22        27.    **Punitive Damages.** Plaintiff alleges that Yusen's "conduct
23  constitutes oppression, fraud, and/or malice under California Civil Code section
24  3294…" and that Plaintiff is entitled to recover punitive damages as a result. (*See*
25  Bachert Decl. ¶ 3, Ex. B, 8:9-27.)

26        28.    The Court may take into account punitive damages for purposes
27  of determining the amount in controversy where such damages are recoverable under
28  state law. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal.

Ford & Harrison LLP
Attorneys At Law
Los Angeles

6

NOTICE OF REMOVAL OF ACTION BY
DEFENDANT YUSEN LOGISTICS (AMERICAS) INC.

2002). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F. 3d 1357, 1360 (9th Cir. 1994). A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

29. **Attorneys' Fees**. Attorneys' fees must be considered in determining whether the amount in controversy requirement has been satisfied if a plaintiff sues under a statute that authorizes an award of fees to the prevailing party. *Canesco v. Ford Motor Company,* 570 F. Supp. 3d 872, 903, n. 19 (S.D. Cal. 2021). "[T]he measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002).

30. While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they likely will exceed the damages award. *See id.*, at 1035. Recent estimates for the number of hours expended through trial for single-plaintiff employment cases have ranged from 100 to 300 hours. *Sasso v. Noble Utah Long Beach, LLC,* No. CV 14-09154-AB (AJWx), 2015 WL 898468, *12 (C.D. Cal. March 3, 2015) (citations omitted).

31. **Other Relief.** Plaintiff also seeks open-ended relief as "[s]uch other and further relief as the Court may deem just and proper." (*See* Bachert Decl. ¶ 3, Ex. B, 15:12.) Although uncertain in amount, this additional damages claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that his case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000).

///

Ford & Harrison LLP
Attorneys At Law
Los Angeles

7

NOTICE OF REMOVAL OF ACTION BY DEFENDANT YUSEN LOGISTICS (AMERICAS) INC.

32. Yusen denies that Plaintiff's claims have any merit. Yusen also denies that Plaintiff suffered any damages. However, when the relief sought is taken as a whole, the total amount in controversy exceeds the jurisdictional requirement of $75,000.00, exclusive of interest and costs.

33. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## IV. THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

### A. This Court Has Been Provided With All Prior Pleadings.

34. Pursuant to 28 U.S.C. § 1446(a), Yusen has attached all pleadings, process, orders, and all other filings in the State Court Action to the Declaration of Julie A. Bachert filed concurrently herewith. (Bachert Decl. ¶¶ 2-9, Exs. A-F.)

### B. The Instant Removal Is Timely.

35. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b)(3), in that it is filed within thirty (30) days after November 30, 2022, the date of the Demurrer Hearing in which the State Court ordered the dismissal of the Individual Defendants and Yusen first ascertained that the State Court Action had become removable. (Bachert Decl. ¶¶ 4-5, Ex. C.) Here, the last day for removal falls on December 30, 2022, accounting for weekends and holidays. *See* 28 U.S.C. § 1446(b)(3); Fed. R. Civ. Proc. 6(a). Therefore, the instant Notice of Removal has been timely filed.

### C. Venue is Proper.

36. The State Court Action was brought and is pending before the Superior Court of California, Los Angeles County. Los Angeles County is located within the Western Division of the Central District of California. Thus, venue is proper pursuant to 28 U.S.C. § 84(b) because the Western Division of the Central

Ford & Harrison LLP
Attorneys At Law
Los Angeles

8

NOTICE OF REMOVAL OF ACTION BY DEFENDANT YUSEN LOGISTICS (AMERICAS) INC.

District of California is the "district and division embracing the place where [Plaintiff's] action is pending." 28 U.S.C. § 1441(a).

### D. The Notice Requirements Have Been Satisfied.

37. As required by 28 U.S.C. §1446(d), Yusen will promptly file and serve a notice of removal to the Clerk of the Superior Court of California, County of Los Angeles, and will serve the same upon Plaintiff. (*See* Bachert Decl. ¶ 10.)

## V. CONCLUSION.

38. WHEREFORE, Yusen removes this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. By removing the State Court Action to this Court, Yusen does not waive any defenses, objections, or motions available to it under state or federal law.

Dated: December 19, 2022

Respectfully submitted,

FORD & HARRISON LLP

By: */s/ Julie Bachert*
Allison V. Saunders
Jennifer S. McGeorge
Julie A. Bachert
Attorneys for Defendant
YUSEN LOGISTICS (AMERICAS) INC.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

9

NOTICE OF REMOVAL OF ACTION BY DEFENDANT YUSEN LOGISTICS (AMERICAS) INC.

# PROOF OF SERVICE

I, Lillian Marquez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On December 19, 2022, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION BY DEFENDANT YUSEN LOGISTICS (AMERICAS) INC.**

[X] ELECTRONICALLY: I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

[X] by e-mail or electronic transmission. Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed below. My e-mail address is lmarquez@fordharrison.com. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Michael Zelman<br>Taylor M. Prainito<br>Parth N. Shah<br>Southern California Labor Law Group, PC<br>1875 Century Park East, Suite 480<br>Los Angeles, CA 90067<br>Telephone: 424-231-2366<br>Facsimile: 323-319-5148<br>E-mail: tprainito@scllgpc.com<br>mzelman@scllgpc.com<br>pshah@scllgpc.com<br>kmonroy@scllgpc.com<br>ytochitsky@scllgpc.com | Attorneys for Plaintiff |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 19, 2022, at Los Angeles, California.

_/s/ Lillian Marquez_
Lillian Marquez

Ford & Harrison LLP
Attorneys At Law
Los Angeles

10   NOTICE OF REMOVAL OF ACTION BY DEFENDANT YUSEN LOGISTICS (AMERICAS) INC.